# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | Jeffrey Gilbert |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4439 | **DATE** | 5/15/2013 |
| **CASE TITLE** | Gomes vs. Lake County, Illinois et al | | |

**DOCKET ENTRY TEXT**

Motion hearing held on 5/15/13 on Plaintiff's Motion to Compel Defendant CCS to Respond to Discovery [Dkt.#54] and Defendants' Motion for Protective Order Covering Non-Party Medical and Mental Health Care Information and Records [Dkt.#52]. For the reasons stated on the record and summarized (and to some extent clarified) in this Order, Plaintiff's Motion to Compel [Dkt.#54] is granted in part and entered and continued in part, and Defendants' Motion for Protective Order [Dkt.#52] is denied in part and entered and continued in part, all subject to certain conditions described below. (See Statement below for further details.) The parties will file on or before 5/28/13 simultaneous briefs on the issue identified at the conclusion of the hearing — whether, under the circumstances of this case, redacting the names of third party inmate-patients from mental health and/or medical records produced by Defendants is sufficient to protect the psychotherapist-patient privilege if the Court were to require the production of documents containing or revealing private communications between the inmate-patients and their mental healthcare provider.

■[ For further details see Statement below.]     Notices mailed by Judicial staff.

2:00

## STATEMENT

Federal Rule of Civil Procedure 26(b)(1) provides that parties may discover any matter, not privileged, that is relevant to any claim or defense of any party. FED. R. CIV. P. 26(b)(1). Plaintiff seeks to compel the production of non-party inmate medical records and mental health files in connection with discovery on his *Monell* claims. For reasons stated on record, the medical records are relevant, and Defendants have not established any undue burden at this time that would weigh in favor of a protective order preventing production of all of the documents sought by Plaintiff. The issue this Court must determine is whether any of the information sought by Plaintiff is protected by privilege and, therefore, protected from compelled disclosure and not discoverable absent special circumstances.

Rule 501 of the Federal Rules of Evidence governs the applicability of any privilege in federal court. FED. R. EVID. 501. Federal common law governs the applicability of privilege in cases based upon a federal cause of action even when the complaint also alleges a pendent state law claim. *Memorial Hosp. for McHenry County v. Shadur*, 664 F.2d 1058, 1061 (7th Cir. 1981); *see also Northwestern Memorial Hospital v. Ashcroft*, 362 F.3d 923 (7th Cir. 2004) (confirming that Illinois privilege law does not govern in federal question claims). Thus, federal common law governs the privilege determination in this case.

Federal common law does not recognize a privilege between patients and physicians. *See United States v. Bek*, 493 F.3d 790, 801-802 (citing *Northwestern Memorial Hospital*, 362 F.3d at 926 ("[T]he evidentiary privileges

that are applicable to federal-question suits are given not by state law but by federal law, Fed. R. Evid. 501, which does not recognize a physician-patient (or hospital-patient) privileges."). The United States Supreme Court has emphasized that it is a "fundamental maxim" that the public has a "right to every man's evidence." *Jaffe v. Redmond*, 518 U.S. 1, 9 (1996). Therefore, because there is no doctor-patient privilege to protect the third-party inmates' medical information, there is no impediment to production of the inmates' medical records in this case.

Federal common law, however, does recognize a psychotherapist-patient privilege. In *Jaffe*, the Supreme Court for the first time recognized that "confidential communication between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." 518 U.S. at 15. The Supreme Court did not, however, define the scope of the psychotherapist-patient privilege under federal law. *Perez v. City of Chicago*, 2004 WL 1151579, at *2 (N.D. Ill. April 24, 2004). In the context of the attorney-client privilege, the Seventh Circuit has admonished that "[t]he claim of privilege cannot be a blanket claim; it 'must by made and sustained on a question-by-question or document-by-document basis.'" *United States v. White*, 950 F.2d 426, 430 (7th Cir. 1991) (citation omitted). "The scope of the privilege is narrow because it is in 'derogation of the search for the truth.'" *Id.* (quoting *In re Walsh*, 623 F.2d 489, 498 (7th Cir. 1980)).

Therefore, based on the Seventh Circuit's instructions in the context of the attorney-client privilege, the Court narrowly construes the psychotherapist-patient privilege to apply only to *communications* between a therapist and her patient, which includes the therapist's notes of those communications and her observations, conclusions or opinions based on those private communications. Strictly construed the privilege should not apply to documents that identify the person receiving mental health treatment, the person providing treatment, and the reason the person is receiving treatment as reflected in medical records other than in the therapist's notes. In the same vein, the attorney-client privilege does not prevent disclosure of the name of the client, the name of the attorney and the subject matter of a communication in general terms. *See, i.e., In re Stern Walters Partners, Inc.*, 1996 WL 1155290 (N.D. Ill. March 13, 1996) (holding that communications between an attorney and client should be privileged only if the statements do, in fact, reveal, directly or indirectly, the substance of a confidential communication by the client).[1]

There is a difference between confidential and/or private information and privileged information. During the 5/15/13 hearing on these Motions, the Court stated it is "logical" that the psychotherapist-patient privilege would apply to medication prescribed to someone receiving mental health treatment. 5/15/13 Hearing Tr., at 50. Upon further reflection, however, the Court does not believe that statement is correct, and accordingly, it does not now hold that the type of medication prescribed to a patient undergoing mental health treatment is covered by the psychotherapist-patient privilege unless it is referenced in the therapist's notes or communications with the patient. As an aside, unless the therapist is a doctor, he or she cannot prescribe medication. Otherwise, if the therapist is a doctor, the Court sees no reasons that a doctor's prescription of a drug or a referral for treatment for a mental health condition should be treated differently under federal common law than a doctor's prescription of a drug or a referral for treatment for a different medical condition. As discussed above, federal common law does not recognize a doctor-patient privilege, and an individual's medical records are not protected from disclosure, including, presumably, a prescription contained in those records or otherwise. Therefore, while a party or non-party may wish to keep this information confidential and private, it is not privileged information.

---

[1] The Court recognizes that the Illinois Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/1 *et seq.*, protects both the confidentiality of patient communications with a mental health professional and any records relating to those communications. But the scope of the psychotherapist-patient privilege recognized by the United States Supreme Court in *Jaffe* in narrower, and Illinois law does not prescribe the scope of the federal common law privilege applicable in federal question cases.

# STATEMENT

In *Perez*, the court considered the scope of the psychotherapist-patient privilege in the context of non-parties. 2004 WL 115157, at * 2. The court considered the extent to which the non-parties' communications with the therapist should be produced. In that case, the plaintiff brought a lawsuit against the City of Chicago and three police officers alleging excessive force and illegal detention as well as supplemental state law claims. *Id.* at *1. Defendants served a subpoena on the plaintiff's psychiatrist, seeking among other things, medical charts which reflected group family therapy sessions. *Id.* The non-party Perez family members objected to production of the group family therapy session notes on the basis of the psychotherapist-patient privilege. *Id.* at *2. The court held that communications by non-parties and any observations, conclusions or opinions reached by the psychiatrist as to the non-parties would be protected from disclosure. *Perez*, 2004 WL 115157, at *4. The court also ordered that the names of the non-party family members be redacted from plaintiff's mental health records that would be produced (as the plaintiff had placed his mental health in issue) because it felt that was necessary to protect the confidentiality of the family members in that case. 2004 WL 115157, at *2 n.2.

Similarly, the Court holds in this case that any communications by the non-party inmate-patients with their therapist and any observations, conclusions or opinions of the therapist based upon the inmates' private communications are not subject to disclosure. The medical and non-privileged mental health records that do not contain or reveal the private communications between an inmate and the mental health professional or any observations, conclusions or opinions of the therapist based upon the inmate's private communications, however, must be produced. For reasons discussed on record and summarized and clarified herein, all of the non-party medical and non-privileged mental health records at issue in this Motion are to be produced under the Confidentiality Order entered by this Court on April 2, 2013 [Dkt.#51]. Whether or not the documents are privileged, the documents contain confidential information that should be produced only for use in this case and not more widely disseminated. That is the purpose of a confidentiality order.

Plaintiff suggests that the interests protected by the psychotherapist-patient privilege can be protected by production of all of the non-party inmates' mental health records, including privileged documents reflecting or revealing communications between the inmate and his or her mental health provider or observations, conclusions or opinions of the therapist based upon the inmate's private communications, by redacting the inmates' names so that the records are anonymous. As discussed on the record, the parties shall submit simultaneous briefs on that issue by May 28, 2013. Plaintiff (and Defendants as they see fit) also shall address why Plaintiff needs the substance of non-party inmates' communications with their mental health care providers for his *Monell* claims. Defendants also shall address the burden they anticipate if the Court orders the inmates' names be redacted from the medical records and/or mental health records being produced.

Finally, although the Court stated during the hearing that the non-party inmates' names should be redacted from non-privileged documents to be produced, the Court wants to revisit that issue in connection with the issue that will be briefed (as described above) concerning whether the inmates' privileged communications with a mental health professional should be produced if the inmates' names are redacted. Upon further reflection, the Court wants to be sure that redaction as well as production of non-privileged documents under a confidentiality order is necessary to protect the non-parties' legitimate confidentiality and privacy concerns. Therefore, this Order is stayed pending the additional briefing being submitted by the parties, and no documents shall be produced at this time. If necessary, the Court will set this matter for further hearing on the issues being briefed or otherwise rule via the CM-ECF system.

It is so ordered.

**STATEMENT**