IN IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **ESTATE OF LYVITA GOMES, Deceased,** | ) | |
| **by Alfredo Miranda, Administrator,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Court No. 12 C 4439** |
| | ) | |
| **CORRECT CARE SOLUTIONS,** | ) | **Judge Sharon Johnson Coleman** |
| **DR. ELAZEGUI, DR. SINGH, JENNIFER** | ) | |
| **BIBBIANO, RUTH MUURU, and** | ) | |
| **EDITH JONES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>Parties' Proposed Jury Instructions</u>**

**AGREED**

**FUNCTIONS OF THE COURT AND JURY**

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Preform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**Plaintiff's Proposed Jury Instruction No. 1**

_____Given
_____ Rejected
_____Withdrawn
_____ Objected to

Source: Seventh Circuit Pattern Jury Instruction 1.1 (*modified to include all categories*)

**DISPUTED**

**ALL LITIGANTS EQUAL BEFORE THE LAW**

In this case, one of the Defendants, Correct Care Solutions is a corporation. Defendants Elazegui, Singh, Bibbiano, Muuru and Jones are medical professionals. Lyvita Gomes was a person detained at the Lake County Jail. All parties are equal before the law. All parties in this case are entitled to the same fair consideration. You are not to afford any more credibility to statements made by a witness or a party because they are a medical professional, and you are not to afford any less credibility to statements made by a witness or a party because they are an individual person.

**Plaintiff's Proposed Jury Instruction No. 2**

_____Given
_____ Rejected
_____Withdrawn
_____ Objected to

Source: Seventh Circuit Pattern Jury Instruction 1.3 (*modified*)

**Defendants Object and propose Defendants' Instruction 2 which follows form jury instruction Fed. JI 7th Cir 1.03**:.


       In this case one of the defendants is a company. All parties are equal before the law. A company is entitled to the same fair consideration that you would give any individual person.


*Plaintiff's objections: This instruction does not follow the Seventh Circuit Pattern 1.03 in substituting "company" for "corporation." Moreover, Plaintiff's Proposed No. 2 is more appropriately modified to the facts of this case. See Committee Comments: "A court may choose to modify the first and third sentences of this instruction **for other types of litigants**." (Emphasis added).*


Defendants' No. 2                                    Given _____
"Fed. JI 7th Cir. 1.03" (2005 rev.)(modified)         Given as modified _____
                                                     Refused _____
                                                     Withdrawn _____

**AGREED**

**EVIDENCE**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

**Plaintiff's Proposed Jury Instruction No. 3**

_____Given
_____ Rejected
_____Withdrawn
_____ Objected to

Source: Seventh Circuit Pattern Jury Instruction 1.4 (*modified*)

**AGREED**

**DEPOSITION TESTIMONY**

During the trial, certain testimony was presented to you by the reading of a deposition(s) or the showing of a video of a deposition. You should give this testimony the same consideration you would give it had the witness[es] appeared and testified in court.

**Plaintiff's Proposed Jury Instruction No.  4 (if necessary)**

_____Given
_____ Rejected
_____Withdrawn
_____ Objected to

Source: Seventh Circuit Pattern Jury Instruction 1.5 (*modified*)

**AGREED**

**WHAT IS NOT EVIDENCE**

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.


**Plaintiff's Proposed Jury Instruction No. 5**

_____Given
_____Rejected
_____ Withdrawn
_____Objected to

Source: Seventh Circuit Pattern Jury Instruction 1.6

**AGREED**

**NOTE-TAKING**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**Plaintiff's Proposed Jury Instruction No. 6**

_____Given
_____Rejected
_____ Withdrawn
_____Objected to

Source: Seventh Circuit Pattern Jury Instruction 1.7

**AGREED**

**CONSIDERATION OF ALL EVIDENCE**
**REGARDLESS OF WHO PRODUCED**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

**Plaintiff's Proposed Jury Instruction No. 7**

_____Given
_____Rejected
_____ Withdrawn
_____Objected to

Source: Seventh Circuit Pattern Jury Instruction 1.8

**AGREED**

**LIMITED PURPOSE OF EVIDENCE**

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

**Plaintiff's Proposed Jury Instruction No. 8**

_____Given
_____Rejected
_____ Withdrawn
_____Objected to

Source: Seventh Circuit Pattern Jury Instruction 1.9

**AGREED**

**WEIGHING THE EVIDENCE**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

**Plaintiff's Proposed Jury Instruction No. 9**

_____Given
_____Rejected
_____ Withdrawn
_____Objected to

Source: Seventh Circuit Pattern Jury Instruction 1.11

**AGREED**

**DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE**

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**Plaintiff's Proposed Jury Instruction No. 10**

_____Given
_____Rejected
_____ Withdrawn
_____Objected to

Source: Seventh Circuit Pattern Jury Instruction 1.12

**AGREED SUBJECT TO EDIT**

**TESTIMONY OF WITNESSES**
**(DECIDING WHAT TO BELIEVE)**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, [including any party to the case,] you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

**Plaintiff's Proposed Jury Instruction No. 11**

_____Given
_____Rejected
_____Withdrawn
_____Objected to

Source: Seventh Circuit Pattern Jury Instruction 1.13

**Defendants agree subject to the inclusion of the bracketed language**

**AGREED SUBJECT TO EDIT**

**PRIOR INCONSISTENT STATEMENTS [OR ACTS]**

You may consider statements given by [*Party*] [*Witness under oath*] before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement [not under oath] [or acted in a manner] that is inconsistent with his testimony here in court, you may consider the earlier statement [or conduct] only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

[In considering a prior inconsistent statement[s] [or conduct], you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.]

**Plaintiff's Proposed Jury Instruction No. 12**

_____Given
_____Rejected
_____Withdrawn
_____Objected to

Source: Seventh Circuit Pattern Jury Instruction 1.14

**Defendants agree subject to the inclusion of the bracketed language. See Defendants instruction # 3 Fed. JI 7th Cir. 1.14:**

You may consider statements given by a party or witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

*Plaintiff's objection: Same as Plaintiff's Proposed Instruction 12.*

Defendants' No. 3
"Fed. JI 7th Cir. 1.14" (2005 rev.)

Given _____
Given as modified _____
Refused _____
Withdrawn _____

**AGREED**

**LAWYER INTERVIEWING WITNESS**

It is proper for a lawyer to meet with any witness in preparation for trial.

**Plaintiff's Proposed Jury Instruction No. 13**

_____Given
_____Rejected
 _____Withdrawn
_____Objected to

Source: Seventh Circuit Pattern Jury Instruction 1.16

**AGREED**

**NUMBER OF WITNESSES**

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

**Plaintiff's Proposed Jury Instruction No. 14**

_____Given
_____Rejected
_____Withdrawn
_____Objected to

Source: Seventh Circuit Pattern Jury Instruction 1.17

**AGREED**

**ABSENCE OF EVIDENCE**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**Plaintiff's Proposed Jury Instruction No. 15**

_____Given
_____Rejected
_____Withdrawn
_____Objected to

Source: Seventh Circuit Pattern Jury Instruction 1.18

**AGREED**

**EXPERT WITNESSES**

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

**Plaintiff's Proposed Jury Instruction No. 16**

_____Given
_____Rejected
_____Withdrawn
_____Objected to

Source: Seventh Circuit Pattern Jury Instruction 1.21

**RESERVED**

**DEMONSTRATIVE EXHIBITS**

Certain [*describe demonstrative exhibit, e.g., models, diagrams, devices, sketches*] have been shown to you. Those [*short description*] are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

**Plaintiff's Proposed Jury Instruction No. 17**

_____Given
_____Rejected
_____Withdrawn
_____Objected to

Source: Seventh Circuit Pattern Jury Instruction 1.24

**Defendants Reserve but agreed to form, subject to formulation of descriptions of demonstrative exhibits**.

**AGREED**

**BURDEN OF PROOF**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**Plaintiff's Proposed Jury Instruction No. 18**

_____Given
_____Rejected
_____Withdrawn
_____Objected to

Source: Seventh Circuit Pattern Jury Instruction 1.27

**DISPUTED**

**PARTIES AND CLAIMS**

The Plaintiff in this case is the Estate of Lyvita Gomes, by its representative Alfredo Miranda. I will refer to him as the Plaintiff. The defendants in this case are Correct Care Solutions and members of its medical staff Dr. Rozel Elazegui, Dr. Hargurmukh P. Singh, Jennifer Bibbiano, Ruth Muuru and Edith Jones. I will refer to them as the defendants.

The Plaintiff claims that the defendants failed to protect Lyvita Gomes and provide her necessary medical and mental health care while she was detained at the Lake County Jail in violation of her rights guaranteed by the Fourteenth Amendment to the U.S. Constitution.

Plaintiff also claims the defendants are responsible for Ms. Gomes' wrongful death and committed professional malpractice in violation of her rights guaranteed by Illinois state law.

The defendants deny each of the Plaintiff's claims.

You must give separate consideration to each claim and to each defendant, except that if you find a defendant employee liable on a state law claim you must also find Correct Care Solutions liable as the defendant's employer.

**Plaintiff's Proposed Jury Instruction No. 19**

_____Given
_____Rejected
 _____Withdrawn
_____Objected to
Source: General, Seventh Circuit Pattern Jury Instruction 1.25 (Multiple Defendants)

**Defendant Objects to this instruction and proposes Defendant # 6 which follows the form instruction Fed. JI 7th Cir. 1.25:**

You must give separate consideration to each claim and each party in this case. Although there are six (6) defendants, it does not follow that if one is liable, any of the others is also liable except that if you find a defendant employee liable for medical malpractice you must also find Correct Care Solutions, LLC liable as the defendant's employer.

*Plaintiff's objection: This paragraph is included in Plaintiff's Proposed Instruction No. 19, see last paragraph.*

Defendants' No. 6                                                    Given _____
"Fed. JI 7th Cir. 1.25" (2005 rev.)(modified)          Given as modified _____
                                                                            Refused _____
                                                                         Withdrawn _____

**DISPUTED**

**PLAINTIFF'S FEDERAL CLAIM**

Under the law, a person may file a lawsuit seeking an award of damages from a

defendant who has violated a constitutional right. Plaintiff's federal claims are brought pursuant

to this law.

**Plaintiff's Proposed Jury Instruction No. 20**

_____Given
_____Rejected
 _____Withdrawn
_____Objected to

Source: Instruction Given *Awalt v. Marketti,* Dkt. 515, p. 17; Instruction Given, *Fox v. Hayes,*
No. 04-7309, Dkt. 588, 12/18/07, N. D. Ill. J. Darrah (*modified to case*).

**Not necessary in light of other pattern jury instructions that provide that t plaintiff can bring claims pursuant to federal law.**

**DISPUTED**

**FOURTEENTH AMENDMENT**

The 14th Amendment to the Constitution provides that all persons who are arrested and jailed are entitled to due process of law. That requires that no pre-trial detainee be denied necessary protection and medical and psychiatric care, including protection from harming herself.

A pretrial detainee who has not been convicted of a crime has a right under the Fourteenth Amendment to the United States Constitution to be protected from impermissible punishment like the denial or of delay in providing certain medical care.

**Plaintiff's Proposed Jury Instruction No. 21**

_____Given
_____Rejected
_____Withdrawn
_____Objected to

Source: First paragraph: Instruction Given in *Woodward v. Myres,* N.D. Ill. J. Gettleman 99 CV 00290. Second paragraph: 5TH CIRCUIT PATTERN JURY INSTRUCTIONS – CIVIL RIGHTS, §10.10, ¶2 (2014); *Kingsley v. Hendrickson, 135 S. Ct. 2466 (2015); Castro v. Cnty. Of L.A., 2016 U.S. App. LEXIS 14950 (9th Cir. 2016).*

**Defendants Object as this is an improper statement of the law relating to 28 USC §1983 claims based on medical care. The Seventh Circuit continues to use the deliberate indifference standard for inadequate medical care claims.** *Burton v. Downey*, **805 F.3d 776, 785, 2015 U.S. App. LEXIS 17616 (7th Cir. Ill. 2015);** *Nielsen v. Sheriff of Cook Cnty*., **2016 U.S. Dist. LEXIS 37567, 2016 WL 1161328 (N.D. Ill. Mar. 23, 2016);** *Anderson v. Davis*, **2016 U.S. Dist. LEXIS 90492, 2016 WL 3742860 (N.D. Ill. July 13, 2016).**

**DISPUTED**

**GOVERNMENT DUTY TO PRETRIAL DETAINEES**

The government has an obligation to provide medical and mental health care to those whom it detains in a County jail awaiting resolution of a pending criminal charge. A person is presumed to be innocent under the law until proven guilty. A detainee must rely on jail authorities to treat her medical and mental health needs.

If an individual defendant knew of Ms. Gomes' serious medical and/or mental health needs and failed to take reasonable steps to address those needs, that defendant*'s conduct was objectively unreasonable* and that defendant is liable under the Fourteenth Amendment.

**Plaintiff's Proposed Jury Instruction No. 22**

_____Given
_____Rejected
_____Withdrawn
_____Objected to

Source: Constitution of the United States, 4th, 5th, 6th and 14th Amendments; 42 U.S.C. § 1983; *Bell v. Wolfish,* 441 U.S. 520 (1979); *Estelle v. Gamble,* 429 U.S. 97, 103 (1976); *Kingsley v. Hendrickson, 135 S. Ct. 2466 (2015); Castro v. Cnty. Of L.A., 2016 U.S. App. LEXIS 14950 (9th Cir. 2016)(substitute "objectively unreasonable" for "deliberate indifference.")*

**Defendants Object as this is an improper statement of the law relating to 28 USC §1983 claims based on medical care. The Seventh Circuit continues to use the deliberate indifference standard for inadequate medical care claims.** *Burton v. Downey*, **805 F.3d 776, 785, 2015 U.S. App. LEXIS 17616 (7th Cir. Ill. 2015);** *Nielsen v. Sheriff of Cook Cnty.*, **2016 U.S. Dist. LEXIS 37567, 2016 WL 1161328 (N.D. Ill. Mar. 23, 2016);** *Anderson v. Davis*, **2016 U.S. Dist. LEXIS 90492, 2016 WL 3742860 (N.D. Ill. July 13, 2016).**

**DISPUTED**

**CONSTITUTIONAL DUTY OF CORPORATE AND MEDICAL DEFENDANTS**

The Defendant Correct Care Solutions entered into a contract to provide medical and mental health services to the detainees at the Lake County Jail. As a result of that contract, the United States Constitution imposes upon the defendant and its employees, Defendants Elazegui, Singh, Bibbiano, Muuru and Jones the responsibility to perform their duties in conformity with the Constitution.

**Plaintiff's Proposed Jury Instruction No. 23**

_____Given
_____Rejected
 _____Withdrawn
_____Objected to

Source: Given in August of 2015, *Awalt v. Marketti,* Dkt. 515, p. 15; August 10, 2015; No. 11-6142 (N.D. Ill.)(*modified to case*); *West v. Atkins,* 487 U.S. 42, 56 (1988); *Rodriguez v. Plymouth Ambulance Service,* 577 F. 3d 816 (7th Cir. 2009).

**Defendants are not disputing that their provision of care was under color of state law. The information in this instruction is set out in other pattern instructions.**

**DISPUTED**

**PLAINTIFF'S CONSTITUTIONAL CLAIM**

Plaintiff claims pursuant to the U.S. Constitution that each defendant either failed to provide medical or mental health care or attention to Lyvita Gomes or that each defendant failed to protect Lyvita Gomes from harming herself.

**Plaintiff's Proposed Jury Instruction No. 24**

_____Given
_____Rejected
_____Withdrawn
_____Objected to

Source: 7th Circuit Proposed Instructions 7.17 (current Instruction 7.12); 7.19 (no current instruction) (*modified to case and multiple defendants*).

**Defendants object. See Defendant's motion *in limine* on failure to protect claims. There are no allegations of failure to protect in the plaintiff's Amended Complaint. Failure to protect is a separate theory and is the subject of a motion in limine.**

DISPUTE

**14TH AMENDMENT: FAILURE TO PROVIDE MEDICAL ATTENTION**

In order to prove that a defendant failed to provide medical or mental health care or attention, Plaintiff must prove each of the following things as to the particular defendant you are considering, by a   preponderance of the evidence:

First, that Lyvita Gomes had a medical or mental healthcare need;

Second, that the defendant was aware of that need;

Third, that the defendant was objectively unreasonable in dealing with that need ; and

Fourth, that as a result of defendant's conduct or inaction Lyvita Gomes was harmed or subjected to a significant risk of harm

If you find that Plaintiff has proved each of these things as to the particular defendant you are considering by a preponderance of the evidence, then you must find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by as to the particular defendant you are considering by a preponderance of the evidence, then you must find for that particular, and you will not consider the question of damages as to that defendant.

**Plaintiff's Proposed Jury Instruction No. 25**

_____Given
_____Rejected
 _____Withdrawn
_____Objected to

Source: 7th Circuit Proposed Instruction 7.17 (current Instruction 7.12)(*modified to case and multiple defendants; substituted "things" for "elements"*); *Kingsley v. Hendrickson, 135 S. Ct. 2466 (2015); Castro v. Cnty. Of L.A., 2016 U.S. App. LEXIS 14950 (9th Cir. 2016); Castro v. County of Los Angeles*, No. 12-56829 (9th Cir. Aug. 15, 2016) (en banc); Court's Instruction No. 13 given in *Jordan v. Ortiz*, No. 04-7423 (N.D. Ill.), Dkt. 669, 11/4/13, p. 25.

**Defendants Object Defendants Object as this is an improper statement of the law relating to 28 USC §1983 claims based on medical care. The Seventh Circuit continues to use the deliberate indifference standard for inadequate medical care claims.** *Burton v. Downey*, **805 F.3d 776, 785, 2015 U.S. App. LEXIS 17616 (7th Cir. Ill. 2015);** *Nielsen v. Sheriff of Cook Cnty.*, **2016 U.S. Dist. LEXIS 37567, 2016 WL 1161328 (N.D. Ill. Mar. 23, 2016);** *Anderson v. Davis*, **2016 U.S. Dist. LEXIS 90492, 2016 WL 3742860 (N.D. Ill. July 13, 2016). Defendants propose their instruction # 11 Fed. JI 7th Cir. 7.12 combined with IPI 20.01:**

The plaintiff's complaint consists of two Counts for you to consider as to each defendant named in that Count.

The issues to be decided by you under Count I of the complaint are as follows:

The plaintiff claims that the defendants violated Lyvita Gomes' civil right to medical care. The plaintiff must prove each of the following propositions by a preponderance of the evidence:

    1.     Lyvita Gomes had a serious medical need;

    2.     The Defendant(s) was deliberately indifferent to Lyvita Gomes' serious medical need by failing to send Lyvita Gomes to the hospital sooner.

    3.     The Defendant's conduct caused harm to Lyvita Gomes;

The defendants deny that they did any of the things claimed by the plaintiff, deny that they were deliberately indifferent in doing any of the things claimed by the plaintiff, and deny that any claimed act or omission on the defendants' part was a proximate cause of Lyvita Gomes' death.

If you find that the Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff on Count I and go on to consider the question of damages.

If, on the other hand, you find that the Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for the Defendant, and you will not consider the question of damages for Count I.

Turning now to Count II of the complaint, the issues to be decided by you under Count II are as follows:

The plaintiff claims that Lyvita Gomes was injured and sustained damage as a result of the defendants' professional negligence in one or more of the following respects:

    a)   Failed to timely send Lyvita Gomes to the hospital sooner.

The plaintiff further claims that one or more of the foregoing was a proximate cause of Lyvita Gomes' injuries.

The defendants deny that they did any of the things claimed by the plaintiff, deny that they were negligent in doing any of the things claimed by the plaintiff and deny that any claimed act or omission on the part of the defendants was a proximate cause of Lyvita Gomes' claimed injuries.

The defendants claim that Lyvita Gomes was contributorily negligent in one or more of the following respects:

(a) refusing to talk to CCS' healthcare providers even though Lyvita Gomes knew that the medical providers were trying to help and assist her;

(b) refusing to eat even though Lyvita Gomes knew that by doing so, she may cause harm to herself;

(c) refusing to drink sufficient water or other fluids even though Lyvita Gomes knew that by doing so, she may cause harm to herself;

(d) refusing to allow CCS' healthcare providers to check her vital signs and to otherwise assess her health even though Lyvita Gomes knew that CCS' healthcare providers were trying to help and assist her;

(e) refusing to allow CCS' healthcare providers to take blood and other bodily fluid samples so that laboratory tests could be run even though Lyvita Gomes knew that CCS' healthcare providers were trying to help and assist her;

(f) refusing to cooperate with CCS' healthcare providers even though Lyvita Gomes knew that CCS' healthcare providers were trying to help and assist her;

(g) refusing to follow the directions from CCS' healthcare providers even though Lyvita Gomes knew that CCS' healthcare providers were trying to help and assist her; and

(h) finally, after she was transferred to Vista East Medical Center, Lyvita Gomes refused to eat, drink, speak to, or cooperate with the healthcare professionals at Vista.

The defendants further claim that one or more of the foregoing was the sole proximate cause of the plaintiff's injuries.

The plaintiff denies that Lyvita Gomes did any of the things claimed by defendant, denies that Lyvita Gomes was negligent in doing any of the things claimed by defendant, and denies

that any claimed act or omission on Lyvita Gomes' part was a proximate cause of Lyvita Gomes' claimed injuries.

*Plaintiff's objection: Misstates the law of the federal constitutional claim even if the court determines to use the deliberately indifferent standard. Plaintiff's claim may lie in both denial of medical care and failure to protect from selfharm. See Plaintiff's Proposed Instructions Nos. 25-27 for federal claim and 29-30 for state claim.*

*The use of the term "count" is confusing as it is not used anywhere else in these instructions and the phrase "defendant named in each Count" is confusing because all defendants are included in all claims. The use of the term "decedent" is confusing, rather Ms. Gomes' name should be identified.*

*Defendants repeated denials are redundant and improper. Contributory negligence is not appropriately considered particularly in the context of the federal claim.*

Defendants' No. 11                                              Given _____
"Fed. JI 7th Cir. 7.12" (2005 rev.)(modified)        Given as modified _____
Combined with Illinois Pattern Jury Instruction 20.01        Refused _____
                                                             Withdrawn _____

**DISPUTE**

**FAILURE TO PROVIDE CARE – DEFINITION**

Plaintiff does not have to show that a defendant provided no care. If a defendant provided some care, Plaintiff must show that defendant knew his or her actions likely would be ineffective or that defendant's actions or inactions were objectively unreasonable.

**Plaintiff's Proposed Jury Instruction No. 26**

_____Given
_____Rejected
_____Withdrawn
_____Objected to

Source: 7th Circuit Proposed Instruction 7.17 (current Instruction 7.12)(parenthetical after 3.); *Kingsley v. Hendrickson, 135 S. Ct. 2466 (2015); Castro v. Cnty. Of L.A., 2016 U.S. App. LEXIS 14950 (9th Cir. 2016); Castro v. County of Los Angeles*, No. 12-56829 (9th Cir. Aug. 15, 2016) (en banc).

**Defendants Object Defendants Object as this is an improper statement of the law relating to 28 USC §1983 claims based on medical care. The Seventh Circuit continues to use the deliberate indifference standard for inadequate medical care claims.** *Burton v. Downey*, **805 F.3d 776, 785, 2015 U.S. App. LEXIS 17616 (7th Cir. Ill. 2015);** *Nielsen v. Sheriff of Cook Cnty.*, **2016 U.S. Dist. LEXIS 37567, 2016 WL 1161328 (N.D. Ill. Mar. 23, 2016);** *Anderson v. Davis*, **2016 U.S. Dist. LEXIS 90492, 2016 WL 3742860 (N.D. Ill. July 13, 2016).** **Defendants propose their instruction # 12 & 13 Fed. JI 7th Cir. 7.13 and 7.14:**

When I use the term "serious medical need," I mean a condition that a doctor says requires treatment, or something so obvious that even someone who is not a doctor would recognize it as requiring treatment. In deciding whether a medical need is serious, you should consider the following factors:

- the severity of the condition;

- the harm, including pain and suffering, that could result from a lack of medical care;

- whether providing treatment was feasible; and

- the actual harm caused by the lack of medical care.


*Plaintiff's objection: The proper standard of care should be "objectively unreasonable" as stated in Plaintiff's motion and memorandum which is separately filed. See Plaintiff's Proposed Instructions Nos. 25-27.*


Defendants' No. 12                                            Given _____
"Fed. JI 7th Cir. 7.13" (2005 rev.)          Given as modified _____
                                                                        Refused _____
                                                                   Withdrawn _____

When I use the term "deliberately indifferent," I mean that the Defendant actually knew of a substantial risk of serious harm to the Plaintiff and that the Defendant consciously disregarded this risk by failing to take reasonable measures to deal with it. In deciding whether a Defendant failed to take reasonable measures, you may consider whether it was practical for him to take corrective action.

If the Defendant took reasonable measures to respond to the risk, then he was not deliberately indifferent.

*Plaintiff's objection: The proper standard of care should be "objectively unreasonable" as stated in Plaintiff's motion and memorandum which is separately filed. See Plaintiff's Proposed Instructions Nos. 25-27. In the alternative, the Seventh Circuit also suggests that the specific harm to Lyvita Gomes should be identified, i.e. the failure to eat and adequately drink. The second sentence is inappropriate given the facts of this case. It is not the contemplated harm to the "Plaintiff" but to Lyvita Gomes as to each Defendant not "the Defendant." 7th Cir. Pattern Instruction 7.14.*

Defendants' No. 13                                          Given _____
"Fed. JI 7th Cir. 7.14" (2005 rev.)(modified)    Given as modified _____
                                                              Refused _____
                                                           Withdrawn _____

**DISPUTE**

**14TH AMENDMENT: FAILURE TO PROTECT FROM SELF HARM**

The Constitution requires medical staff contracted to provide medical and mental health care at a jail to protect detainees from harming themselves under certain circumstances. In order to prove a defendant failed to protect Lyvita Gomes from harming herself, Plaintiff must prove each of the following things by a preponderance of the evidence as to the particular defendant you are considering:

First, that there was a strong likelihood that Lyvita Gomes would seriously harm herself;

Second, that the defendant was aware of this strong likelihood or it was obvious that Lyvita Gomes would seriously harm herself in the near future;

Third, that the defendant failed to take reasonable measures to prevent Lyvita Gomes from seriously harming herself; and

Fourth, Lyvita Gomes would have survived or suffered less harm if defendant had acted in an objectively reasonable manner.

If you find that Plaintiff has proved each of these *things* by a preponderance of the evidence as to a particular defendant, then you must find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these *things* by a preponderance of the evidence as to a particular defendant, then you must find for that defendant, and you will not consider the question of damages as to that particular defendant.

**Plaintiff's Proposed Jury Instruction No. 27**

_____Given
_____Rejected
_____Withdrawn
_____Objected to

Source: 7th Circuit Proposed Instruction 7.19 (no current instruction)(*modified to case and multiple defendants; substituted "things" for "elements"*); *Kingsley v. Hendrickson, 135 S. Ct. 2466 (2015); Castro v. Cnty. Of L.A., 2016 U.S. App. LEXIS 14950 (9th Cir. 2016); Castro v. County of Los Angeles*, No. 12-56829 (9th Cir. Aug. 15, 2016) (en banc).

**Defendants object. See Defendant's motion *in limine* on failure to protect claims. There are no allegations of failure to protect in the plaintiff's Amended Complaint. Failure to protect is a separate theory and is the subject of a motion in limine.**

**Defendants Object as this is an improper statement of the law relating to 28 USC §1983 claims based on medical care. The Seventh Circuit continues to use the deliberate indifference standard for inadequate medical care claims. *Burton v. Downey*, 805 F.3d 776, 785, 2015 U.S. App. LEXIS 17616 (7th Cir. Ill. 2015); *Nielsen v. Sheriff of Cook Cnty*., 2016 U.S. Dist. LEXIS 37567, 2016 WL 1161328 (N.D. Ill. Mar. 23, 2016); *Anderson v. Davis*, 2016 U.S. Dist. LEXIS 90492, 2016 WL 3742860 (N.D. Ill. July 13, 2016).**

**DISPUTE**

**SUBJECTIVE INTENT**

The fact that a defendant had no specific intent or purpose to deprive Lyvita Gomes of her constitutional rights will not absolve him or her from liability if he or she did in fact deprive her of those rights.

**Plaintiff's Proposed Jury Instruction No. 28**

_____Given
_____Rejected
_____Withdrawn
_____Objected to

Source: Instruction Given, *Kerr v. City of Chicago,* 424 F. 2d 1134 (7th Cir. 1970)

**Defendants Object Defendants Object as this is an improper statement of the law relating to 28 USC §1983 claims based on medical care. The Seventh Circuit continues to use the deliberate indifference standard for inadequate medical care claims.** *Burton v. Downey*, **805 F.3d 776, 785, 2015 U.S. App. LEXIS 17616 (7th Cir. Ill. 2015);** *Nielsen v. Sheriff of Cook Cnty.*, **2016 U.S. Dist. LEXIS 37567, 2016 WL 1161328 (N.D. Ill. Mar. 23, 2016);** *Anderson v. Davis*, **2016 U.S. Dist. LEXIS 90492, 2016 WL 3742860 (N.D. Ill. July 13, 2016). Defendants propose their instruction # 13 Fed. JI 7th Cir. 7.14:**

When I use the term "deliberately indifferent," I mean that the Defendant actually knew of a substantial risk of serious harm to the Plaintiff and that the Defendant consciously disregarded this risk by failing to take reasonable measures to deal with it. In deciding whether a Defendant failed to take reasonable measures, you may consider whether it was practical for him to take corrective action.

If the Defendant took reasonable measures to respond to the risk, then he was not deliberately indifferent.

*Plaintiff's objection: The proper standard of care should be "objectively unreasonable" as stated in Plaintiff's motion and memorandum which is separately filed. See Plaintiff's Proposed Instructions Nos. 25-27. In the alternative, the Seventh Circuit also suggests that the specific harm to Lyvita Gomes should be identified, i.e. the failure to eat and adequately drink. The second sentence is inappropriate given the facts of this case. It is not the contemplated harm to the "Plaintiff" but to Lyvita Gomes as to each Defendant not "the Defendant." 7th Cir. Pattern Instruction 7.14.*

Defendants' No. 13                                      Given _____
"Fed. JI 7th Cir. 7.14" (2005 rev.)(modified)        Given as modified _____
                                                        Refused _____
                                                        Withdrawn _____

## DISPUTE

## PROFESSIONAL MALPRACTICE – WRONGFUL DEATH - DUTY

A medical professional must possess and use the knowledge, skill, and care ordinarily used by a reasonably careful medical professional.

The failure to do something that a reasonably careful medical professional would do, or the doing of something a reasonably careful medical professional would not do, under circumstances similar to those shown by the evidence, is "professional negligence."

**Plaintiff's Proposed Jury Instruction No. 29**

_____Given
_____Rejected
_____Withdrawn
_____ Objected to

Source: IPI 105.01 Professional Negligence.

**Defendants object. This is incomplete and inaccurate use of IPI 105.01 that attempts to group all medical professionals together. Defendants propose their instruction # 16-19 IPI 105.01:**

A correctional family practice physician must possess and use the knowledge, skill, and care ordinarily used by a reasonably careful correctional family practice physician.

The failure to do something that a reasonably careful correctional family practice physician would do, or the doing of something that a reasonably careful correctional family practice physician would not do, under circumstances similar to those shown by the evidence, is "professional negligence".

The phrase "deviation from the standard of care" means the same thing as "professional negligence".

The law does not say how a reasonably careful correctional family practice physician would act under these circumstances. That is for you to decide. In reaching your decision, you must rely upon opinion testimony from qualified witnesses. You must not attempt to determine how a reasonably careful correctional family practice physician would act from any personal knowledge you may have.

*Plaintiff's objection: There is no different standard of care for a correctional health provider than a health provider in any other context. IPI 105.00 Professional Negligence. Moreover, there is no evidence that anyone was a "correctional family practice physician." See Plaintiff's Proposed Instruction Nos. 29 and 30.*

Defendants' No. 16                                          Given _____
Illinois Pattern Jury Instruction 105.01          Given as modified _____
                                                                      Refused _____
                                                                  Withdrawn _____

A correctional psychiatrist must possess and use the knowledge, skill, and care ordinarily used by a reasonably careful correctional psychiatrist.

The failure to do something that a reasonably careful correctional psychiatrist would do, or the doing of something that a reasonably careful correctional psychiatrist would not do, under circumstances similar to those shown by the evidence, is "professional negligence".

The phrase "deviation from the standard of care" means the same thing as "professional negligence".

The law does not say how a reasonably careful correctional psychiatrist would act under these circumstances. That is for you to decide. In reaching your decision, you must rely upon opinion testimony from qualified witnesses. You must not attempt to determine how a reasonably careful correctional psychiatrist would act from any personal knowledge you may have.

*Plaintiff's objection: There is no different standard of care for a correctional health provider than a health provider in any other context and all health providers are held to the same standard. IPI 105.00 Professional Negligence. See Plaintiff's Proposed Instruction Nos. 29 and 30.*

Defendants' No. 17                                    Given _____
Illinois Pattern Jury Instruction 105.01    Given as modified _____
                                                               Refused _____
                                                            Withdrawn _____

A correctional licensed social worker must possess and use the knowledge, skill, and care ordinarily used by a reasonably careful correctional licensed social worker.

The failure to do something that a reasonably careful correctional licensed social worker would do, or the doing of something that a reasonably careful correctional licensed social worker would not do, under circumstances similar to those shown by the evidence, is "professional negligence".

The phrase "deviation from the standard of care" means the same thing as "professional negligence".

The law does not say how a reasonably careful correctional licensed social worker would act under these circumstances. That is for you to decide. In reaching your decision, you must rely upon opinion testimony from qualified witnesses. You must not attempt to determine how a reasonably careful correctional licensed social worker would act from any personal knowledge you may have.

*Plaintiff's objection: There is no different standard of care for a correctional health provider than a health provider in any other context and all health providers are held to the same standard. IPI 105.00 Professional Negligence. See Plaintiff's Proposed Instruction Nos. 29 and 30.*

Defendants' No. 18                                   Given _____
Illinois Pattern Jury Instruction 105.01      Given as modified _____
                                                          Refused _____
                                                          Withdrawn _____

A correctional licensed professional counselor must possess and use the knowledge, skill, and care ordinarily used by a reasonably careful correctional licensed professional counselor.

The failure to do something that a reasonably careful correctional licensed professional counselor would do, or the doing of something that a reasonably careful correctional licensed professional counselor would not do, under circumstances similar to those shown by the evidence, is "professional negligence".

The phrase "deviation from the standard of care" means the same thing as "professional negligence".

The law does not say how a reasonably careful correctional licensed professional counselor would act under these circumstances. That is for you to decide. In reaching your decision, you must rely upon opinion testimony from qualified witnesses. You must not attempt to determine how a reasonably careful correctional licensed professional counselor would act from any personal knowledge you may have.

*Plaintiff's objection: There is no different standard of care for a correctional health provider than a health provider in any other context and all health providers are held to the same standard. IPI 105.00 Professional Negligence. Moreover, no defendant is a "correctional licensed professional counselor." See Plaintiff's Proposed Instruction Nos. 29 and 30.*

Defendants' No. 19
Illinois Pattern Jury Instruction 105.01

Given _____
Given as modified _____
Refused _____
Withdrawn _____

**DISPUTE**

**PROFESSIONAL NEGLIGENCE – WRONGFUL DEATH**

Plaintiff claims that Defendants Elazegui, Singh, Bibbiano, Muuru and Jones are liable under Illinois state law for professional negligence.

To succeed on this claim, Plaintiff must prove that the particular defendant you are considering failed to conform to the applicable standard of care of his or her profession, unless you find that the particular defendant's negligence was grossly apparent or obvious to a lay person.

If you find Plaintiff proved either of these things by a preponderance of the evidence as to a Defendant you must find in favor of Plaintiff's professional negligence claim.

If you find Plaintiff has not proved either of these things by a preponderance of the evidence as to a Defendant you must find in favor of that Defendant on Plaintiff's professional negligence claim.

**Plaintiff's Proposed Jury Instruction No. 30**

_____Given
_____Rejected
_____Withdrawn
_____ Objected to

Source: IPI 105.00 Professional Negligence.

**Defendants object. There is no IPI 105.00. This fails to accurately state the law of medical negligence**

**DISPUTE**

**CAUSE**


When I use the term "[*proximate]*cause," I mean a cause that, in the natural or ordinary course of events, produced the Plaintiff's injury. It need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the injury.

A defendant caused or contributed to the death of Lyvita Gomes if that defendant played a part – no matter how small – in the failure to provide her medical or mental healthcare to Lyvita Gomes or the failure to protect her from injuring herself.

**Plaintiff's Proposed Jury Instruction No. 31**

_____Given
_____Rejected
_____Withdrawn
_____ Objected to


Source: First paragraph: IPI 15.01 Proximate Cause – Definition; Second paragraph: 7TH Circuit Pattern Instruction 9.02 FELA Definition of Causation.

**Defendants Object as this is an improper statement of the law in the Seventh Circuit. Defendants propose their instruction # 7 Causation Instruction based on Whitlock v. Brueggemann, 682 F.3d 567:**

When I use the term "cause," I mean:
   (1.) that the injury would not have occurred absent the defendant's conduct; and
   (2.) that the injury is of the type that a reasonable person would see as a likely result of her conduct.
The plaintiff must prove both requirements of "cause" to prevail on his claim.

*Plaintiff's objection: This instruction is a misstatement of the law, particularly that it infers there must be one and only one cause. Plaintiff's Proposed Instruction No. 31 is a more accurate statement of the law. In fact, in the case below cited by Defendants the Seventh Circuit relying on the Restatement of Torts clarified "multiple proximate causes are often present and there is no rule demanding that every case have only one proximate cause." Whitlock v. Brueggemann, 682 F.3d 567, 583 (7th Cir. 2012). The Seventh Circuit Committee Comments on Proximate Cause specifically caution courts to "use only the correct definition for the issues before it." 7th Cir. Pattern Instruction 1.30.*

Defendants' No. 7                                        Given _____
Whitlock v. Brueggemann, 682 F.3d 567, 582 (7th Cir. 2012)  Given as modified _____
                                                                Refused _____
                                                            Withdrawn _____

**AGREED**

**DAMAGES**

If you find in favor of the Plaintiff on any claims, then you must determine what amount of damages, if any, the Plaintiff is entitled to recover.

If you find in favor of the defendants on all of the Plaintiff's claims, then you will not consider the question of damages.

**Plaintiff's Proposed Jury Instruction No. 32**

_____Given
_____Rejected
 _____Withdrawn
_____Objected to

Source: Seventh Circuit Pattern Jury Instruction 7.22.

**RESERVED**

**WRONGFUL DEATH ACTION BROUGHT BY PERSONAL REPRESENTATIVE**

The Plaintiff Alfredo Miranda brings this action in a representative capacity by reason of his being administrator of the estate of Lyvita Gomes, deceased. He represents her siblings Lyemia Fernandes, Oyd Steven Gomes and Lynette Gomes and the estate of the deceased. They are the real parties in interest in this lawsuit, and in that sense are the real plaintiffs whose damages you are to determine if you decide for Plaintiff.

**Plaintiff's Proposed Jury Instruction No. 33**

_____Given
_____Rejected
_____Withdrawn
_____ Objected to

Source: IPI 31.09 Action for Wrongful Death Brought by Personal Representative

**Defendants agree to substance of this instruction but dispute the listed beneficiaries as set forth in their motion in limine.**

**DISPUTED**

**DAMAGES: COMPENSATORY**

If you find in favor of Plaintiff on one or more of Plaintiff's claims, then you must determine the amount of money that will fairly compensate Plaintiff for any injury sustained by Lyvita Gomes as a result of the Defendants' wrongful conduct. These are called "compensatory damages."

Plaintiff must prove compensatory damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages:

- Lyvita Gomes' loss of her life;
- The physical pain Lyvita Gomes experience prior to the time of her death;
- The physical suffering that Lyvita Gomes experienced prior to the time of her death;
- The emotional pain that Lyvita Gomes experienced prior to the time of her death;
- The emotional suffering that Lyvita Gomes experienced prior to the time of her death

No evidence of the dollar value of physical or mental and emotional pain and suffering, or disability, or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate Plaintiff for the injuries sustained.

**Plaintiff's Proposed Jury Instruction No. 34**

_____Given
_____Rejected
  _____Withdrawn
_____Objected to
Source: Seventh Circuit *Proposed* Pattern Jury Instruction 7.26, replacing Instruction 7.23 (modified to case); Instruction Given, *Awalt v. Marketti,* No. 11-6142 (N.D. Ill.), Dkt. 515, p. 24; August 10, 2015.

**Defendants Object. Defendants have filed a motion in limine seeking to bar the damages set forth in this instruction. In addition, the damages are duplicative as physical pain and physical suffering are the same damage. Further Illinois law is clear that there is no recovery for the decedent for death.**

**AGREED**

**DAMAGES: PECUNIARY**

If you decide for the Plaintiff on the question of liability as to any defendant, you must then fix the amount of money which will reasonably and fairly compensate the family of Lyvita Gomes for the pecuniary loss proved by the evidence to have resulted to them from the death of Lyvita Gomes. "Pecuniary loss" may include loss of money, benefits, goods, services and society.

In determining pecuniary loss, you may consider what the evidence shows concerning the following:

1. What money, benefits, goods and services Lyvita Gomes customarily  contributed in the past

2. What money, benefits, goods and services Lyvita Gomes was likely to have  contribu

3. Lyvita Gomes' personal expenses and other deductions;

4. Her age;

6. Her sex;

7. Her health;

8. Her physical and mental characteristics

  Her habits of industry, sobriety and thrift;

9. Her occupational abilities;

10. The grief, sorrow and mental suffering of [collateral next of kin];

11. The relationships that existed between [collateral next of kin] and Lyvita Gomes.

Whether pecuniary loss has been proved by the evidence is for you to determine.

**Plaintiff's Proposed Jury Instruction No. 35**

_____Given
_____Rejected
 _____Withdrawn
_____Objected to
Source: Illinois Pattern Jury Instruction 31.05

**DISPUTE**

**DAMAGES: PUNITIVE**

If you find for Plaintiff on the federal claim, you may, but are not required to, assess punitive damages against any defendant. The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to defendants and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against a defendant. You may assess punitive damages only if you find that his or her conduct was malicious or in reckless disregard of Lyvita Gomes' rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring (in this case) Lyvita Gomes. Conduct is in reckless disregard of a person's rights if, under the circumstances, a defendant simply did not care about the person's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- The reprehensibility of a defendant's conduct;
- The impact of defendant's conduct on Lyvita Gomes or her heirs;
- The relationship between Lyvita Gomes and a defendant;
- The likelihood that a defendant would repeat the conduct if an award of punitive damages is not made;
- The relationship of any award of punitive damages to the amount of actual harm Lyvita Gomes and her heirs suffered.


**Plaintiff's Proposed Jury Instruction No. 36**

_____Given
_____Rejected
 _____Withdrawn
_____Objected to

Source: Seventh Circuit *Proposed* Pattern Jury Instruction 7.28, replacing current Instruction 7.24. [Defendant's financial condition omitted from factors unless evidence is admitted on that topic.]

**Defendants object. The decedent's heirs should not be considered in considering punitive damages. The heir's claims are solely related to the state law claim for medical negligence. Illinois law does not allow punitive damages in medical negligence cases.**

**AGREED**

**SELECTION OF PRESIDING JUROR; GENERAL VERDICT**

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

**Plaintiff's Proposed Jury Instruction No. 37**

_____Given
_____Rejected
 _____Withdrawn
_____Objected to

Source: Seventh Circuit Pattern Jury Instruction 1.32.

**AGREED**

**COMMUNICATION WITH COURT**

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

**Plaintiff's Proposed Jury Instruction No. 38**

_____Given
_____Rejected
 _____Withdrawn
_____Objected to

Source: Seventh Circuit Pattern Jury Instruction 1.33.

**AGREED**

**DISAGREEMENT AMONG JURORS**

The verdicts must represent the considered judgment of each juror. Your verdicts whether for or against the parties must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**Plaintiff's Proposed Jury Instruction No. 39**

_____Given
_____Rejected
 _____Withdrawn
_____Objected to

Source: Seventh Circuit Pattern Jury Instruction 1.34.

**DISPUTE**

**VERDICT FORM**

We, the jury, find as to each of the claims of Plaintiff Estate of Lyvita Gomes, in this case as follows:

**Plaintiff's Constitutional Claim:**

for each, check one and only one of the two choices, i.e., for Plaintiff or for Defendant

| | FOR PLAINTIFF | FOR DEFENDANT |
|---|---|---|
| as to Defendant Elazegui: | _____ | _____ |
| as to Defendant Singh: | _____ | _____ |
| as to Defendant Bibbiano: | _____ | _____ |
| as to Defendant Muuru: | _____ | _____ |
| as to Defendant Jones: | _____ | _____ |

**Plaintiff's State Professional Negligence - Wrongful Death Claim:**

for each, check one and only one of the two choices, i.e., for Plaintiff or for Defendant

| | FOR PLAINTIFF | FOR DEFENDANT |
|---|---|---|
| as to Defendant Elazegui: | _____ | _____ |
| as to Defendant Singh: | _____ | _____ |
| as to Defendant Bibbiano: | _____ | _____ |
| as to Defendant Muuru: | _____ | _____ |
| as to Defendant Jones: | _____ | _____ |
| as to Defendant CCS | _____ | _____ |

(If you find for Plaintiff on this claim against any individual Defendant
you must find also against Correct Care Solutions CCS)

**We award the following compensatory and pecuniary damages to Plaintiff, Estate of Lyvita Gomes:**

(To be filled in only in the event you find for Plaintiff):

$_____

**Punitive Damages:**    (to be awarded only if some compensatory damages are awarded to Plaintiff):

as to Defendant Elazegui:        $_____

as to Defendant Singh:        $_____

as to Defendant Bibbiano:        $_____

as to Defendant Muruu:        $_____

as to Defendant Jones:        $_____


_____        _____
Presiding Juror


_____        _____


_____        _____


_____        _____


_____        _____


_____        _____

**Plaintiff's Proposed Jury Instruction No. 40**

_____Given
_____Rejected
 _____Withdrawn
_____Objected to

Source: *Washington v. City of Chicago,* No. 10-1952, N. D. Ill., J. Kocoras, 3/29/16.

**Defendants Object as this is instruction fails to consider the contributory negligence of Ms. Gomes.**

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

*Plaintiff's objections: Plaintiff has no objection, if this instruction becomes necessary as a result of questions from the court.*

Defendants' No. 1
"Fed. JI 7th Cir. 1.02" (2005 rev.)

Given _____
Given as modified _____
Refused _____
Withdrawn _____

In this case one of the defendants is a company. All parties are equal before the law. A company is entitled to the same fair consideration that you would give any individual person.

*Plaintiff's objections: This instruction does not follow the Seventh Circuit Pattern 1.03 in substituting "company" for "corporation." Moreover, Plaintiff's Proposed No. 2 is more appropriately modified to the facts of this case. See Committee Comments: "A court may choose to modify the first and third sentences of this instruction **for other types of litigants**." (Emphasis added).*

Defendants' No. 2

"Fed. JI 7th Cir. 1.03" (2005 rev.)(modified)

Given _____

Given as modified _____

Refused _____

Withdrawn _____

You may consider statements given by a party or witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

*Plaintiff's objection: Same as Plaintiff's Proposed Instruction 12.*

Defendants' No. 3
"Fed. JI 7th Cir. 1.14" (2005 rev.)

Given _____
Given as modified _____
Refused _____
Withdrawn _____

Defendants contend that the Plaintiff at one time possessed evidence of documents, notes and writings Lyvita Gomes created prior to or around the time of her December, 2011 incarceration. However, Plaintiff contends that evidence never existed.

You may assume that such evidence would have been unfavorable to the Plaintiff only if you find by a preponderance of the evidence that:

        (1) The plaintiff intentionally destroyed the evidence; and

        (2) The plaintiff destroyed the evidence in bad faith.

*Plaintiff's objection: There is absolutely no evidentiary basis for this instruction. There is no evidence that any materials relevant to this case were intentionally destroyed in bad faith. See, e.g. Bracey v. Grondin, 712 F. 3d 1012, 1018-19 (7th Cir. 2013).*

Defendants' No. 4
"Fed. JI 7th Cir. 1.20" (2005 rev.)

Given _____
Given as modified _____
Refused _____
Withdrawn _____

The parties agree that the transcriptions of CCS Progress Notes and Physician Orders accurately transcribe the contents of the hand written CCS Progress Notes and Physician Orders. You should consider these transcriptions just like all of the other evidence in the case.

*Plaintiff's objection: Plaintiff has not and cannot stipulate to the accuracy of all transcripts created by Defendants.*

Defendants' No. 5                                                Given _____
"Fed. JI 7th Cir. 1.23" (2005 rev.)(modified)      Given as modified _____
                                                              Refused _____
                                                              Withdrawn _____

You must give separate consideration to each claim and each party in this case. Although there are six (6) defendants, it does not follow that if one is liable, any of the others is also liable except that if you find a defendant employee liable for medical malpractice you must also find Correct Care Solutions, LLC liable as the defendant's employer.

*Plaintiff's objection: This paragraph is included in Plaintiff's Proposed Instruction No. 19, see last paragraph.*

Defendants' No. 6                                                                                      Given _____
"Fed. JI 7th Cir. 1.25" (2005 rev.)(modified)                              Given as modified _____
                                                                                                        Refused _____
                                                                                                  Withdrawn _____

When I use the term "cause," I mean:
   (1.) that the injury would not have occurred absent the defendant's conduct; and
   (2.) that the injury is of the type that a reasonable person would see as a likely result of her conduct.
The plaintiff must prove both requirements of "cause" to prevail on his claim.

*Plaintiff's objection: This instruction is a misstatement of the law, particularly that it infers there must be one and only one cause. Plaintiff's Proposed Instruction No. 31 is a more accurate statement of the law. In fact, in the case below cited by Defendants the Seventh Circuit relying on the Restatement of Torts clarified "multiple proximate causes are often present and there is no rule demanding that every case have only one proximate cause." Whitlock v. Brueggemann, 682 F.3d 567, 583 (7th Cir. 2012). The Seventh Circuit Committee Comments on Proximate Cause specifically caution courts to "use only the correct definition for the issues before it." 7th Cir. Pattern Instruction 1.30.*

Defendants' No. 7                              Given _____
Whitlock v. Brueggemann, 682 F.3d 567, 582 (7th Cir. 2012)  Given as modified _____
                                             Refused _____
                                      Withdrawn _____

More than one person may be to blame for causing an injury. If you decide that a defendant was negligent and that his negligence was a proximate cause of injury to Lyvita Gomes, it is not a defense that some third person who is not a party to the suit may also have been to blame.

However, if you decide that the sole proximate cause of injury to Lyvita Gomes was the conduct of some person other than the defendants, then your verdict should be for the defendants.

*Plaintiff's objection: This instruction is a misstatement of the law, particularly regarding the constitutional claims. Plaintiff's Proposed Instruction No. 31 is a more accurate statement of the law. Whitlock v. Brueggemann, 682 F.3d 567, 583 (7th Cir. 2012)( "multiple proximate causes are often present and there is no rule demanding that every case have only one proximate cause.") The Seventh Circuit Committee Comments on Proximate Cause specifically caution courts to "use only the correct definition for the issues before it." 7th Cir. Pattern Instruction 1.30.*

Defendants' No. 8
Illinois Pattern Jury Instruction 12.04

Given _____
Given as modified _____
Refused _____
Withdrawn _____

      If you decide that a defendant was negligent and that his negligence was a proximate cause of injury to Lytvita Gomes, it is not a defense that something else may also have been a cause of the injury.

      However, if you decide that the sole proximate cause of injury to Lyvita Gomes was something other than the conduct of the defendants, then your verdict should be for the defendants.

*Plaintiff's objection: This instruction is a misstatement of the law, particularly regarding the constitutional claims. Plaintiff's Proposed Instruction No. 31 is a more accurate statement of the law. Whitlock v. Brueggemann, 682 F.3d 567, 583 (7th Cir. 2012)( "multiple proximate causes are often present and there is no rule demanding that every case have only one proximate cause.") The Seventh Circuit Committee Comments on Proximate Cause specifically caution courts to "use only the correct definition for the issues before it." 7th Cir. Pattern Instruction 1.30.*

Defendants' No. 9

Illinois Pattern Jury Instruction 12.05

Given _____

Given as modified _____

Refused _____

Withdrawn _____

If you decide for the defendants on the question of liability, then you should not consider the question of damages.

*Plaintiff's objection: Unnecessary. This instruction duplicates Plaintiff's Proposed Instruction No. 32.*

Defendants' No. 10                                                    Given _____
"Fed. JI 7th Cir. 1.31" (2005 rev.)                          Given as modified _____
                                                                          Refused _____
                                                                       Withdrawn _____

The plaintiff's complaint consists of two Counts for you to consider as to each defendant named in that Count.

The issues to be decided by you under Count I of the complaint are as follows:

The plaintiff claims that the defendants violated Lyvita Gomes' civil right to medical care. The plaintiff must prove each of the following propositions by a preponderance of the evidence:

1.     Lyvita Gomes had a serious medical need;

2.     The Defendant(s) was deliberately indifferent to Lyvita Gomes' serious medical need by failing to send Lyvita Gomes to the hospital sooner.

3.     The Defendant's conduct caused harm to Lyvita Gomes;

The defendants deny that they did any of the things claimed by the plaintiff, deny that they were deliberately indifferent in doing any of the things claimed by the plaintiff, and deny that any claimed act or omission on the defendants' part was a proximate cause of Lyvita Gomes' death.

If you find that the Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff on Count I and go on to consider the question of damages.

If, on the other hand, you find that the Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for the Defendant, and you will not consider the question of damages for Count I.

Turning now to Count II of the complaint, the issues to be decided by you under Count II are as follows:

The plaintiff claims that Lyvita Gomes was injured and sustained damage as a result of the defendants' professional negligence in one or more of the following respects:

b)  Failed to timely send Lyvita Gomes to the hospital sooner.

The plaintiff further claims that one or more of the foregoing was a proximate cause of Lyvita Gomes' injuries.

The defendants deny that they did any of the things claimed by the plaintiff, deny that they were negligent in doing any of the things claimed by the plaintiff and deny that any claimed act or omission on the part of the defendants was a proximate cause of Lyvita Gomes' claimed injuries.

The defendants claim that Lyvita Gomes was contributorily negligent in one or more of the following respects:

(i) refusing to talk to CCS' healthcare providers even though Lyvita Gomes knew that the medical providers were trying to help and assist her;

(j) refusing to eat even though Lyvita Gomes knew that by doing so, she may cause harm to herself;

(k) refusing to drink sufficient water or other fluids even though Lyvita Gomes knew that by doing so, she may cause harm to herself;

(l) refusing to allow CCS' healthcare providers to check her vital signs and to otherwise assess her health even though Lyvita Gomes knew that CCS' healthcare providers were trying to help and assist her;

(m) refusing to allow CCS' healthcare providers to take blood and other bodily fluid samples so that laboratory tests could be run even though Lyvita Gomes knew that CCS' healthcare providers were trying to help and assist her;

(n) refusing to cooperate with CCS' healthcare providers even though Lyvita Gomes knew that CCS' healthcare providers were trying to help and assist her;

(o) refusing to follow the directions from CCS' healthcare providers even though Lyvita Gomes knew that CCS' healthcare providers were trying to help and assist her; and

(p) finally, after she was transferred to Vista East Medical Center, Lyvita Gomes refused to eat, drink, speak to, or cooperate with the healthcare professionals at Vista.

The defendants further claim that one or more of the foregoing was the sole proximate cause of the plaintiff's injuries.

The plaintiff denies that Lyvita Gomes did any of the things claimed by defendant, denies that Lyvita Gomes was negligent in doing any of the things claimed by defendant, and denies that any claimed act or omission on Lyvita Gomes' part was a proximate cause of Lyvita Gomes' claimed injuries.

*Plaintiff's objection: Misstates the law of the federal constitutional claim even if the court determines to use the deliberately indifferent standard. Plaintiff's claim may lie in both denial of medical care and failure to protect from selfharm. See Plaintiff's Proposed Instructions Nos. 25-27 for federal claim and 29-30 for state claim.*
*The use of the term "count" is confusing as it is not used anywhere else in these instructions and the phrase "defendant named in each Count" is confusing because all defendants are included in*

*all claims. The use of the term "decedent" is confusing, rather Ms. Gomes' name should be identified.*
*Defendants repeated denials are redundant and improper. Contributory negligence is not appropriately considered particularly in the context of the federal claim.*


Defendants' No. 11                                          Given _____
"Fed. JI 7th Cir. 7.12" (2005 rev.)(modified)          Given as modified _____
Combined with Illinois Pattern Jury Instruction 20.01            Refused _____
                                                          Withdrawn _____

When I use the term "serious medical need," I mean a condition that a doctor says requires treatment, or something so obvious that even someone who is not a doctor would recognize it as requiring treatment. In deciding whether a medical need is serious, you should consider the following factors:

-    the severity of the condition;

-    the harm, including pain and suffering, that could result from a lack of medical care;

-    whether providing treatment was feasible; and

-    the actual harm caused by the lack of medical care.

*Plaintiff's objection: The proper standard of care should be "objectively unreasonable" as stated in Plaintiff's motion and memorandum which is separately filed. See Plaintiff's Proposed Instructions Nos. 25-27.*

Defendants' No. 12                                            Given _____
"Fed. JI 7th Cir. 7.13" (2005 rev.)          Given as modified _____
                                                                    Refused _____

Withdrawn _____

When I use the term "deliberately indifferent," I mean that the Defendant actually knew of a substantial risk of serious harm to the Plaintiff and that the Defendant consciously disregarded this risk by failing to take reasonable measures to deal with it. In deciding whether a Defendant failed to take reasonable measures, you may consider whether it was practical for him to take corrective action.

If the Defendant took reasonable measures to respond to the risk, then he was not deliberately indifferent.

*Plaintiff's objection: The proper standard of care should be "objectively unreasonable" as stated in Plaintiff's motion and memorandum which is separately filed. See Plaintiff's Proposed Instructions Nos. 25-27. In the alternative, the Seventh Circuit also suggests that the specific harm to Lyvita Gomes should be identified, i.e. the failure to eat and adequately drink. The second sentence is inappropriate given the facts of this case. It is not the contemplated harm to the "Plaintiff" but to Lyvita Gomes as to each Defendant not "the Defendant." 7th Cir. Pattern Instruction 7.14.*

Defendants' No. 13                                          Given _____
"Fed. JI 7th Cir. 7.14" (2005 rev.)(modified)      Given as modified _____
                                                         Refused _____
                                                         Withdrawn _____

Evidence of negligence, or even gross negligence, is not sufficient to establish deliberate indifference.

*Plaintiff's objection: The proper standard of care should be "objectively unreasonable" as stated in Plaintiff's motion and memorandum which is separately filed. See Plaintiff's Proposed Instructions Nos. 25-27. In the alternative, this is not a pattern instruction and is unnecessary. The phrase "gross negligence" may also confuse the jury without a definition and without any relevance to this case.*

Defendants' No. 14

Given _____
Given as modified _____
Refused: _____
Withdrawn _____

Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct 1970 (1994); Campbell v. Greer, 831 F.2d 700, 702 (7th Cir. 1987); Sellers v. Henman, 41 F.3d 1100, 1102 (7th Cir.1994); Zackery v. Mesrobian, 299 Fed. Appx. 598 (7th Cir. 2008); Jonson v. Doughty, 433 F.3d 1001, 1012-13 (7th Cir. 2006).

In considering the Plaintiff's complaint of deliberate indifference against the defendants, you may consider the totality of the medical care provided to Lyvita Gomes.

*Plaintiff's objection: The proper standard of care should be "objectively unreasonable" as stated in Plaintiff's motion and memorandum which is separately filed. See Plaintiff's Proposed Instructions Nos. 25-27. In the alternative, this is not a pattern instruction and is unnecessary. Should the court determine nonpattern instructions are appropriate, Plaintiff would submit the following additional instructions:*

*"A detainee need not be literally ignored in order to establish deliberate indifference."*
*Petties v. Carter, 2016 U.S. App. LEXIS 15524, \*10 (7th Cir. 2016)*

*"An inexplicable delay in treatment that serves no penological interest may support an inference of deliberate indifference."*
*Petties v. Carter, 2016 U.S. App. LEXIS 15524, \*14 (7th Cir. 2016)*

Defendants' No. 15                                                          Given _____
                                                          Given as modified _____
Guitierrez v. Peters, 111 F.3d 1364, 1375 (7th Cir. 1997);       Refused: _____
Dunigan v. Winnebago County, 165 F.3d 587, 591 (7th Cir. 1999)   Withdrawn _____
Petties v. Carter, 2016 U.S. App. LEXIS 15524, \*10 (7th Cir, 2016)

A correctional family practice physician must possess and use the knowledge, skill, and care ordinarily used by a reasonably careful correctional family practice physician.

The failure to do something that a reasonably careful correctional family practice physician would do, or the doing of something that a reasonably careful correctional family practice physician would not do, under circumstances similar to those shown by the evidence, is "professional negligence".

The phrase "deviation from the standard of care" means the same thing as "professional negligence".

The law does not say how a reasonably careful correctional family practice physician would act under these circumstances. That is for you to decide. In reaching your decision, you must rely upon opinion testimony from qualified witnesses. You must not attempt to determine how a reasonably careful correctional family practice physician would act from any personal knowledge you may have.

*Plaintiff's objection: There is no different standard of care for a correctional health provider than a health provider in any other context. IPI 105.00 Professional Negligence. Moreover, there is no evidence that anyone was a "correctional family practice physician." See Plaintiff's Proposed Instruction Nos. 29 and 30.*

Defendants' No. 16
Illinois Pattern Jury Instruction 105.01

Given _____
Given as modified _____
Refused _____
Withdrawn _____

A correctional psychiatrist must possess and use the knowledge, skill, and care ordinarily used by a reasonably careful correctional psychiatrist.

The failure to do something that a reasonably careful correctional psychiatrist would do, or the doing of something that a reasonably careful correctional psychiatrist would not do, under circumstances similar to those shown by the evidence, is "professional negligence".

The phrase "deviation from the standard of care" means the same thing as "professional negligence".

The law does not say how a reasonably careful correctional psychiatrist would act under these circumstances. That is for you to decide. In reaching your decision, you must rely upon opinion testimony from qualified witnesses. You must not attempt to determine how a reasonably careful correctional psychiatrist would act from any personal knowledge you may have.

*Plaintiff's objection: There is no different standard of care for a correctional health provider than a health provider in any other context and all health providers are held to the same standard. IPI 105.00 Professional Negligence. See Plaintiff's Proposed Instruction Nos. 29 and 30.*

Defendants' No. 17                                                   Given _____
Illinois Pattern Jury Instruction 105.01          Given as modified _____
                                                                   Refused _____
                                                               Withdrawn _____

A correctional licensed social worker must possess and use the knowledge, skill, and care ordinarily used by a reasonably careful correctional licensed social worker.

The failure to do something that a reasonably careful correctional licensed social worker would do, or the doing of something that a reasonably careful correctional licensed social worker would not do, under circumstances similar to those shown by the evidence, is "professional negligence".

The phrase "deviation from the standard of care" means the same thing as "professional negligence".

The law does not say how a reasonably careful correctional licensed social worker would act under these circumstances. That is for you to decide. In reaching your decision, you must rely upon opinion testimony from qualified witnesses. You must not attempt to determine how a reasonably careful correctional licensed social worker would act from any personal knowledge you may have.

*Plaintiff's objection: There is no different standard of care for a correctional health provider than a health provider in any other context and all health providers are held to the same standard. IPI 105.00 Professional Negligence. See Plaintiff's Proposed Instruction Nos. 29 and 30.*

Defendants' No. 18                                        Given _____
Illinois Pattern Jury Instruction 105.01        Given as modified _____
                                                                      Refused _____
                                                                  Withdrawn _____

A correctional licensed professional counselor must possess and use the knowledge, skill, and care ordinarily used by a reasonably careful correctional licensed professional counselor.

The failure to do something that a reasonably careful correctional licensed professional counselor would do, or the doing of something that a reasonably careful correctional licensed professional counselor would not do, under circumstances similar to those shown by the evidence, is "professional negligence".

The phrase "deviation from the standard of care" means the same thing as "professional negligence".

The law does not say how a reasonably careful correctional licensed professional counselor would act under these circumstances. That is for you to decide. In reaching your decision, you must rely upon opinion testimony from qualified witnesses. You must not attempt to determine how a reasonably careful correctional licensed professional counselor would act from any personal knowledge you may have.

*Plaintiff's objection: There is no different standard of care for a correctional health provider than a health provider in any other context and all health providers are held to the same standard. IPI 105.00 Professional Negligence. Moreover, no defendant is a "correctional licensed professional counselor."See Plaintiff's Proposed Instruction Nos. 29 and 30.*

Defendants' No. 19
Illinois Pattern Jury Instruction 105.01

Given _____
Given as modified _____
Refused _____
Withdrawn _____

When you retire to the jury room you will first select a foreperson. He or she will preside during your deliberations.

Your verdicts must be unanimous.

Forms of verdicts are supplied with these instructions. After you have reached your verdicts, fill in and sign the appropriate forms and return them to the court. Your verdicts must be signed by each of you. You should not write or mark upon this or any of the other instructions given to you by the court.

The parties in this case are:


**Plaintiff**:                              **Estate of Lyvita Gomes**

**Defendants**:                          **Correct Care Solutions, LLC;**
                                          **Rozel Elazegui, M.D.;**
                                          **Hargurmukh Singh, M.D.;**
                                          **Jennifer Bibbiano; Ruth Muuru;**
                                          **and Edith Jones**

If you find for the plaintiff and against any of the defendants and if you further find that plaintiff was not contributorily negligent, then you should use Verdict Form A, writing in "0%" on Line "(a)" of Paragraph "Second" of Verdict Form A.

If you find for the Estate of Lyvita Gomes and against one or more of the defendants, and if you further find that Lyvita Gomes' injury was proximately caused by a combination of the negligence of that defendant or defendants and Lyvita Gomes' contributory negligence, and that Lyvita Gomes' contributory negligence was 50% or less of the total proximate cause of the injury or damage for which recovery is sought, then you should use Verdict Form A, writing in the percentage of the Lyvita Gomes' contributory negligence on Line "(a)" of Paragraph "Second" of Verdict Form A.

If you find in favor of all defendants or that Lyvita Gomes' contributory negligence was more than 50% of the total proximate cause of the injury or damage for which recovery is sought, then you should use Verdict Form B.

*Plaintiff's objection: This instruction is confusing and cumbersome. This instruction also misstates the law. See Plaintiff's motion regarding contributory negligence. See Plaintiff's Proposed Instruction No. 40.*

Defendants' No. 20                                          Given _____
Illinois Pattern Jury Instruction 45.03          Given as modified _____
                                                                Refused _____
                                                            Withdrawn _____

**VERDICT FORM B**

We, the jury, find for all of the defendants and against the plaintiff.

Please sign and date below and return the entire Verdict Form to the marshal (Each juror must sign the form).

Date: _____

_____          _____
Foreperson                                Juror

_____          _____
Juror                                     Juror

_____          _____
Juror                                     Juror

_____          _____
Juror                                     Juror

_____          _____
Juror                                     Juror

_____          _____
Juror                                     Juror

*Plaintiff's objection: This instruction is confusing and cumbersome. This instruction also misstates the law. See Plaintiff's motion regarding contributory negligence. See Plaintiff's Proposed Instruction No. 40.*

Defendants' No. 21                              Given _____
Illinois Pattern Jury Instruction 45.01B    Given as modified _____
                                              Refused _____
                                            Withdrawn _____