# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ESTATE OF LYVITA GOMES, Deceased, by Alfredo Miranda, Administrator, | ) ) ) ) No. 12 CV 4439 |
| Plaintiff, | ) Judge John Z. Lee |
| vs. | ) |
| DR. HARGURMUKH SINGH and DR. ROZEL ELAZEGUI, Defendants. | ) ) ) |

## DEFENDANTS DR. HARGURMUKH SINGH AND DR. ROZEL ELAZEGUI'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FED. R. CIV. P. 50(b) OR, IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL PURSUANT TO FED. R. CIV. P. 59

Defendants, Dr. Hargurmukh Singh and Dr. Rozel Elazegui, by and through their undersigned counsel, pursuant to Fed. R. Civ. Pro. 50(b), hereby respectfully move this Honorable Court for an Order granting Judgment as a Matter of Law or, in the alternative, pursuant to Fed. R. Civ. Pro. 59, for an Order granting a new trial, and in support thereof state as follows:

(1) The jury's verdict in favor of Plaintiff, the Estate of Lyvita Gomes, against Defendants in the total sum of $2,761,410.00 is not supported by substantial evidence and the judgment entered on that verdict should be vacated and judgment in favor of Defendants as a matter of law should be entered;

(2) Plaintiff's evidence suffers from a fatal causation gap which fails to establish that any constitutionally violative conduct from Defendants caused Ms. Gomes' death or lessened her chance of survival;

(3) Plaintiff's causation evidence was based on pure speculation and conjecture rather than "verifying medical evidence";

1

(4) In the alternative, Plaintiff's evidence on the issue of proximate cause is so lacking that the jury verdict against Defendants is contrary to the manifest weight of the evidence and entitles Defendants to a new trial on all issues;

(5) The jury was erroneously instructed on the "objectively unreasonable" standard, resulting in prejudice to Defendants and warrants a new trial on all issues;

(6) The Court erred in repeatedly barring Defendants from eliciting testimony and/or introducing evidence concerning Illinois statutory provisions governing the involuntary administration of medication and/or other treatment;

(7) In the further alternative, Defendants should be granted a new trial on damages because Plaintiff's claim for Ms. Gomes' physical, mental and emotional pain and suffering should never have been submitted to the jury;

(8) Both the single recovery rule and the doctrine of res judicata barred Plaintiff from recovering any damages for Ms. Gomes' pain and suffering; and

(9) Plaintiff's evidence failed to establish that Ms. Gomes experienced any pain or suffering at Vista East Medical Center.

In further support of their Motion, Defendants refer the Court to their accompanying Memorandum.

WHEREFORE, Defendants, Dr. Hargurmukh Singh and Dr. Rozel Elazegui, hereby respectfully move this Honorable Court for an Order granting Judgment as a Matter of Law or, in the alternative, for an Order granting a new trial and to grant such other and further relief as this Court deems appropriate.

Respectfully submitted,

/s/Eric P. Schoonveld

Eric P. Schoonveld (eric@hpslaw.com)
Sabina Babel (sbabel@hpslaw.com)
Matthew Kaminski (mkaminski@hpslaw.com)
**Hall Prangle & Schoonveld LLC**
200 S. Wacker Drive, Suite 3300
Chicago, IL 60654
*One of the attorneys for Defendants*